1  Geoffrey S. Sheldon, Bar No. 185560
   gsheldon@lcwlegal.com
2  Danny Y. Yoo, Bar No. 251574
   dyoo@lcwlegal.com
3  Kaylee E. Feick, Bar No. 322613
   kfeick@lcwlegal.com
4  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
5  6033 West Century Boulevard, 5th Floor
   Los Angeles, California 90045
6  Telephone:  310.981.2000
   Facsimile:   310.337.0837
7
8  Attorneys for Defendant
   COUNTY OF LOS ANGELES

9           UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11  KEELA CASTLE, an Individual,          Case No.:

12                  Plaintiff,            Complaint Filed: February 22, 2019

13      v.                                **NOTICE OF REMOVAL OF ACTION**

14  COUNTY OF LOS ANGELES, A
    Public Entity; ADAM WOODS, an
15  Individual; and DOES 1 through 50,
    inclusive,
16
17                  Defendants.

18      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19      PLEASE TAKE NOTICE that Defendant COUNTY OF LOS ANGELES

20  ("Defendant" or "County") hereby removes to this Court the state court action

21  described below:

22      1.      On February 22, 2019, Plaintiff Keela Castle filed a complaint in

23  Superior Court of the State of California for the County of Los Angeles entitled

24  *Keela Castle v. County of Los Angeles, and Does 1 through 50, inclusive,* as Case

25  Number 19STCV06099. A true and correct copy of the Complaint for Damages

26  ("Complaint") is attached hereto as Exhibit "A."

27      2.      The first date upon which the Defendant received a copy of the

28  Complaint was February 26, 2019, when it was served with a copy of the Summons

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1

and Complaint. A true and correct copy of the Summons is attached hereto as Exhibit "B".

3.    This action is removable to the District Court in accordance with 28 U.S.C. section 1441(a) because it contains two claims alleging a violation of 42 U.S.C. section 1981, and as such, arises under federal question jurisdiction.

4.    All other defendants who have been served with the Summons and the Complaint have joined in this NOTICE OF REMOVAL, as evidence by the Joinder of Defendant Adam Woods, filed concurrently herewith.

5.    This NOTICE OF REMOVAL OF ACTION is filed with the District Court within thirty (30) days after receipt by Defendant of a copy of the Complaint setting forth for the first time the claim giving rise to removal under 28 U.S.C. section 1441(a) in accordance with 28 U.S.C. section 1446(a) and (b).

6.    Defendant is providing prompt notice to all adverse parties of the filing of the NOTICE OF REMOVAL OF ACTION and it is filing a copy of the NOTICE OF REMOVAL OF ACTION with the Clerk of the Los Angeles Superior Court.

7.    For the aforementioned reasons, the above-described action now pending in the Superior Court of the State of California for the County of Los Angeles should be removed to this District Court in accordance with the provisions of 28 U.S.C. sections 1441(a) and 1446(a) and (b).

Dated: March_28, 2019                    LIEBERT CASSIDY WHITMORE


By:   */s/ Danny Y. Yoo*
            Geoffrey S. Sheldon
            Danny Y. Yoo
            Kaylee E. Feick
            Attorneys for Defendant
            COUNTY OF LOS ANGELES

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2

8832507.2 LO140-485

# EXHIBIT A

19STCV06099
Electronically FILED by Superior Court of California, County of Los Angeles on 02/22/2019 01:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Susan Bryant-Deason

María G. Díaz, SBN 220087
Kirby F. Cañon, SBN 276414
**Allred, Maroko & Goldberg**
6300 Wilshire Boulevard, Suite 1500
Los Angeles, California 90048-5217
Telephone No. (323) 653-6530
Fax No. (323) 653-1660
mdiaz@amglaw.com
kcanon@amglaw.com

Attorneys for Plaintiff, KEELA CASTLE

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KEELA CASTLE, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, A Public Entity; ADAM WOODS, an Individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **RACE DISCRIMINATION** <br> Violation of 42 USC §1981 <br><br> 2. **RETALIATION** <br> Violation of 42 USC §1981 <br><br> 3. **RACE DISCRIMINATION** <br> Violation of Gov't Code §12940 et seq. <br><br> 4. **GENDER DISCRIMINATION** <br> Violation of Gov't Code §12940 et seq. <br><br> 5. **AGE DISCRIMINATION** <br> Violation of Gov't Code §12940 et seq. <br><br> 6. **FAILURE TO PREVENT DISCRIMINATION** <br> Violation of Gov't Code §12940 et seq. <br><br> 7. **FAILURE TO PREVENT RETALIATION** <br> Violation of Gov't Code §12940 et seq. <br><br> 8. **RETALIATION** <br> Violation of Gov't Code §12940 et seq. <br><br> 9. **WHISTLEBLOWER RETALIATION** <br> Violation of Labor Code § 1102.5 <br><br> **JURY TRIAL DEMANDED** |

1
COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1. Plaintiff **KEELA CASTLE** (hereinafter referred to as "Plaintiff") complains that her employer, Defendant **COUNTY OF LOS ANGELES.** (hereinafter "Defendant") engaged in employment practices that are unlawful and contrary to the Fair Employment and Housing Act (hereinafter "FEHA"), federal civil rights statute 42 USC §1981 and the California Labor Code. Because of Defendants' failure to comply with well-established laws, Plaintiff seeks general and special damages, as well as reasonable attorneys' fees and costs as authorized by law.

2. This case is subject to the jurisdiction of this court pursuant to the FEHA, the California Labor Code and the California Code of Civil Procedure. The amount of damages sought, while not fully determined, exceed the minimum limit for unlimited jurisdiction in this court.

3. Venue is proper in this county because the employment relationship between Plaintiff and Defendant arose and was performed in Los Angeles County, California.

4. At all relevant times herein, Plaintiff is, and was, a resident of the County of Los Angeles, State of California.

5. At all relevant times herein, Plaintiff was an employee covered by California Government Code §§12926, 12940.

6. At all relevant times herein, Defendant County of Los Angeles is, and was, a public entity located in the County of Los Angeles.

7. Plaintiff is informed and believes that Defendant Adam Woods is a resident of the County of Los Angeles.

8. At all relevant times herein, Defendant employed more than five (5) employees within the meaning of California Government Code §12926.

9. At all relevant times herein, Defendant is, and was, an employer in the State of California, as defined in the FEHA, California Government Code §§12926, 12940.

10. At all relevant times herein, on information and belief, Defendant Adam Woods, was an employee of Defendant. He was also, on information and belief, a supervisor within the meaning of Government Code §12926(s), and an officer, director, and/or managing agent of

1    Defendant within the meaning of Civil Code §3294.

2        11.    Defendant Adam Woods was Plaintiff's direct supervisor and manager when

3    Defendants engaged in the conduct alleged in this action. Defendant Woods had the

4    responsibility and authority to direct Plaintiff in her daily work activities.

5        12.    The true names and capacities, whether individual, corporate, partnership,

6    associate or otherwise, of Defendants sued herein as DOES 1 through 50, inclusive, are currently

7    unknown to Plaintiff, who therefore sue said Defendants by such fictitious names.  Plaintiff is

8    informed and believes, and based thereon alleges, that each of the Defendants designated herein

9    as a DOE is legally responsible in some manner for the events and happenings referred to herein,

10   and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged.  Plaintiff

11   will seek leave of court to amend this Complaint to show the true names and capacities of the

12   Defendants designated herein as DOES 1 through 50 when the same have been ascertained.

13   Whenever in this complaint reference is made to "Defendants," such allegation shall be deemed

14   to mean the acts of Defendants acting individually, jointly, and/or severally.

15       13.    Except as hereinafter specifically described, Defendants and each of them, are and

16   were the agents and/or employees of the other Defendants, and in acting as described herein were

17   acting within the scope of their authority or employment as agents and/or employees thereof, and

18   with the permission and consent of the other Defendants.

19       14.    Plaintiff timely exhausted her administrative remedies by filing complaints

20   against Defendant County of Los Angeles with the Equal Employment Opportunity Commission

21   ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"). Plaintiff

22   subsequently received right-to-sue notices from the DFEH.

### FACTUAL ALLEGATIONS

24       15.    Keela Castle is an African-American woman and was age 62 when she started her

25   job at the Sheriff's Communication Center ("SCC") with Los Angeles County.

26       16.    Keela Castle began her employment as an Electronics Communication Technician

27   for the SCC in the Internal Services Department (ISD) of Los Angeles County on or about

28   September 15, 2014. She was assigned to the Sheriff's Communications Center. All of the other

1    six (6) techs at SCC were non-African-American males. Most of the techs were in their 40's and

2    only one was over 60.

3        17.    Adam Woods, a Caucasian male, was the supervisor responsible for the Sheriff's

4    Communication Center. Almost from the time he learned of her hiring, Adam Woods

5    demonstrated animosity towards Plaintiff because of her age, race and gender.

6        18.    Unlike with any other hire, Adam Woods declared to other employees in the

7    department before she started, that Plaintiff was a 62 year-old, African-American woman who

8    was there to "spy" on the employees and department. He falsely told the employees that Plaintiff

9    was placed at the department by top executives so she could obtain information to damage and

10   destroy the Sheriff Communications Center.

11       19.    Adam Woods never shared such personal information about any other new hire

12   with a group of employees nor accuse them of being a "spy". As a result, at the beginning of her

13   employment, Plaintiff was ostracized and alienated by her co-workers since they feared she was

14   there to scrutinize and report them to the top executives. Plaintiff only learned of this much later

15   from her co-workers.

16       20.    On the first day of her employment, Adam Woods told Plaintiff that she could

17   only sit in a chair at a desk and read 246 volumes of installation instructions involving the

18   equipment at the SCC. He told her to read all of the books and the only other thing Plaintiff was

19   allowed to do is to shadow her co-workers on trouble and go to the restroom. Plaintiff had to

20   come right back if she went to the restroom.

21       21.    Adam Woods also told her in an angry manner that she was not allowed to walk

22   around, read anything else, get on a personal computer, talk on a cell phone or to change her shift

23   of 8AM-4PM.

24       22.    SCC has hired about six (6) new employees since Plaintiff was hired and not one

25   employee has had to read the books. The new employees were allowed to change their hours on

26   their second day, use their cell phones and laptops, walk around freely and were not confined to

27   a chair for almost 8 hours every day. None of these other hires were African-American women

28   nor over the age of 60.

4

COMPLAINT FOR DAMAGES

23.     Adam Woods instituted a new rule when Plaintiff was hired. He said she could not work overtime for two (2) years from the time she began her employment. This rule was not applied to any of the non-African-American male employees.

24.     Adam Woods further told Plaintiff that she was not allowed to work a 4/10 shift for an idefinite period.  Other techs were allowed to work 4/10 shifts.  Plaintiff was authorized by District Manager Dennis Haley to change her shift from 5 days to 4 days a week and Adam Woods berated her for seeking assistance from the District Manager.

25.     Throughout her employment, Adam Woods told Plaintiff repeatedly that he did not want her working at the SCC and that he did not hire her.  He repeated this negative sentiment often during the entire time he supervised the Plaintiff.

26.     Throughout her employment, Adam Woods was dismissive and rude towards Plaintiff. He yelled at her constantly. Plaintiff did not observe him treat any of her non-African American, male counterparts in such a disparaging manner.

27.     Adam Woods seemed to be fixated on Plaintiff's age. During her employment, Plaintiff noticed that Adam Woods had a list of all his employees' birthdays showing only the month and day of their birthday. For Plaintiff, however, he had the month and YEAR next to her name. Plaintiff was uncomfortable with him having her birth year and asked him why he did not have the years for the other employees. His answer did not make sense; he said he wanted to know when to wish her a happy birthday. Plaintiff asked him if he was going to wish her happy birthday everyday in August since there was no day? He was upset and put the list away.

28.     On another occasion, he abruptly and inappropriately announced that Plaintiff was "age appropriate" to go out with a recently widowed employee who was over the age of 60. Plaintiff was embarrassed by these comments about her age and suggestions about dating her co-workers.

29.     On another occasion, Adam Woods asked her in a gruff tone, "How do you think it makes Bruce Schneider feel when **YOU** walk in here making as much as he does from the first day you come in here?"  Bruce Schneider was a Caucasian male tech.  Plaintiff was in shock. Her position was not an apprenticeship, where you work your way up to the highest rank, but

1  rather the techs all made approximately the same amount.

2      30.   When Plaintiff was hired, Ken Nakatsumi, one of the managers, told Plaintiff

3  there was a lot of overtime to work at SCC. Yet, several weeks later when Plaintiff asked Adam

4  Woods about overtime, he said that Plaintiff would not even be considered for overtime for at

5  least two (2) years or more. Plaintiff's counterpart at the fire department worked overtime after

6  about two (2) months of being hired.

7      31.   On another occasion, Adam Woods was having a loud and heated argument with

8  his wife at work and Plaintiff could hear it. In order to drown out the conversation, Plaintiff

9  turned on the TV. Plaintiff wanted to give him some privacy because she could hear everything.

10  The TV was behind Plaintiff and she was reading her assigned book with her back to the TV.

11      32.   Suddenly, Adam Woods came over to Plaintiff and yelled , "WHAT THE HELL

12  ARE YOU DOING WITH THAT GODDAMN TV ON?" Plaintiff explained that she turned the

13  volume up to give him some privacy for his conversation but she wasn't watching it (her back

14  was to the TV). He said, "I DON'T CARE HOW LOUD I GET, DON'T YOU EVER TURN

15  THAT GODDAMN TV ON! YOU ARE TO NEVER TOUCH THAT TV!! DO YOU

16  UNDERSTAND ME?" Plaintiff said "Yes, sir". He then said, "NOW TURN THAT

17  GODDAMN TV OFF RIGHT NOW!!" Plaintiff complied.

18      33.   About an hour later, a Caucasian male co-worker came in and and turned the

19  same TV on as he did everyday. Plaintiff always kept her back to the TV and was never allowed

20  to turn the TV on. Adam Woods never reprimanded the Caucasian male for watching TV.

21      34.   At various times during work, Adam woods would make specific comments about

22  women of color and Blacks including the following:

23     •  Adam Woods angrily told Plaintiff that it was wrong that women of color got lower

24        scores on the sergeant and lieutenant exams at work but got promoted over the men. He

25        then went on to say that his father didn't allow Black people in his house and always

26        called them niggers. Plaintiff told him that lynchings of Black people were not that long

27        ago. Adam Woods snapped back "Why do I have to be held to these quotas, I've never

28        lynched anyone".

6

- In or about April 2017, Adam Woods told Plaintiff that this Black woman came to the SCC and that she said to him, "You is a fine white boy! I knew you were fine but I didn't know how fine! If I worked over here, you'll be in trouble! I mean YOU IS FINE!!" Adam Woods' voice imitated an uneducated Black woman. Plaintiff was offended and excused herself.

- When Plaintiff asked a question during a class, he mocked her by saying "Ok. "Oprah" in front of everyone. Plaintiff was the only Black person there in a group of at least ten (10) men.

- Another time, while Plaintiff was working, Adam Woods called Plaintiff "Sister" because she is African-American. Plaintiff was offended and told him not to call her "Sister". He did not care and used the term again in reference to her.

35.   In or about June 2017, Adam Woods informed Plaintiff that he's been thinking about taking all the holidays from her new shift that was to start on 6/18/17. Plaintiff told him that she would have to give up vacation days to make up for the loss of over nine 12-hour shifts. He said too bad. Plaintiff told her coworker Louie. Louie said that would not happen, as Adam Woods had never done it in the eighteen (18) years Louie had worked that same shift Plaintiff would be taking over. Adam Woods moved forward with his plan and took the holidays from Plaintiff although he had never done it before to any other non-African-American, male worker.

36.   In or about October 16, 2017, Plaintiff met with Victor Marerro (IBEW 45 Union), Dennis Hansley (District Manager of ISD), Vanessa Orr and Angie Acevedo from Human Resources. Plaintiff complained about the discrimination she had experienced since arriving at the SCC. Angie Acevedo would not accept the complaints of race, age, sex discrimination. The only issue that they were willing to address at the meeting was Plaintiff's complaint about overtime.

37.   In late November 2017, after Plaintiff had complained about Adam Woods unlawful conduct, he retaliated against her. Adam Woods took all of her holidays away after she only had her new shift for five (5) months. Prior to her, a non African-American male, Louie Chagoya, had the shift for about eighteen (18) years and did not have his holidays taken away by

1 │ Adam Woods.

2 │      38.    In or about December 2017, Adam Woods berated Plaintiff in front of her co-

3 │ workers and called her a disappointment over a mistake that was made that had nothing to do

4 │ with the Plaintiff.

5 │      39.   In or about March 27, 2018, Adam Woods told another male employee that

6 │ people would be coming in to talk to him regarding the discrimination complaints made by

7 │ Plaintiff. He told the male tech "remember- we're boys" and basically should stick together. The

8 │ employee told Plaintiff what Adam Woods had asked him to do. Plaintiff was upset because they

9 │ had specifically been told by the County not to discuss the matter with other employees.

10 │      40.    Plaintiff filed an internal complaint in or about January 8, 2018 regarding the

11 │ disparate treatment to which she was subjected. As she received no relief, she was forced to file a

12 │ complaint with the EEOC. In her EEOC charge, Plaintiff expressly complained about being

13 │ subjected to different terms and conditions of employment because of her race, gender, and age.

14 │ Defendant denied the allegations to the EEOC yet Plaintiff is informed and believes an adequate

15 │ investigation was not conducted.

16 │      41.   Starting in or about 7/2018, Adam Woods was no longer her supervisor. Plaintiff

17 │ is informed and believes that Adam Woods was given a better position and was transferred to

18 │ another department. In his new role, Adam Woods supervises more technicians than at SCC. He

19 │ was also assigned a truck and gets to go to different offices in the field.

20 │      42.    After Plaintiff complained about discrimination, and even after Adams Woods

21 │ was transferred, Plaintiff continued to be was retaliated including being reprimanded and yelled

22 │ at by other supervisors and co-workers, passed over for job opportunities for which she was

23 │ qualified, and excluded from meetings and job activities.

24 │ **FIRST CAUSE OF ACTION**

25 │ **Employment Discrimination because of Race in violation of**

26 │ **42 U.S.C. § 1981 Against All Defendants and DOES 1-50**

27 │      43.   Plaintiff hereby incorporates by reference the foregoing paragraphs as though

28 │ fully set forth herein.

1    44.    Plaintiff provided services to Defendants pursuant to a contract.

2    45.    42 U.S.C. §1981 prohibits racial discrimination in making and enforcement of

3    contracts.

4    46.    As set forth above, Plaintiff was treated differently in the terms, conditions and

5    privileges of her employment contract because of Defendants' intentional discrimination against

6    her based on her race.

7    47.    Plaintiff is informed and believes and based thereon alleges that in addition to the

8    practices enumerated above, Defendants may have engaged in other discriminatory practices

9    against her which are not yet fully known.  At such time as such discriminatory practices become

10   known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

11   48.    As a direct and proximate result of Defendants' willful, knowing and intentional

12   discrimination against her, Plaintiff has suffered and will continue to suffer pain and emotional

13   distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be

14   proven at trial.

15   49.    As a direct and proximate result of Defendants' willful, knowing and intentional

16   discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of

17   earnings and/or other employment benefits and job opportunities.  Plaintiff is thereby entitled to

18   economic damages in amounts to be proven at trial.

19   50.    Plaintiff is informed and believes, and based thereon alleges, that the outrageous

20   conduct of Defendant Woods described above was done with malice, fraud and oppression and

21   with conscious disregard for her rights and with the intent, design and purpose of injuring her.

22   By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant Woods

23   in a sum according to proof at trial.

24   51.    As a further and proximate result of Defendants' intentional discrimination

25   against her, Plaintiff has been compelled to retain the services of an attorney. Plaintiff has in fact

26   retained an attorney for the prosecution of this action.   As a result, Plaintiff  is entitled to her

27   reasonable attorneys' fees and costs herein incurred.

28   ///

## SECOND CAUSE OF ACTION

**Employment Retaliation in violation of**
**42 U.S.C. § 1981 Against All Defendants and DOES 1-50**

52. Plaintiff hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

53. Plaintiff provided services to Defendants pursuant to a contract.

54. As set forth above, Plaintiff was retaliated by Defendants after she complained about being treated differently in the terms, conditions and privileges of her employment contract because of her race. Defendant County has a custom of retaliating against employees who make race discrimination complaints.

55. Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other retaliatory practices against her which are not yet fully known. At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

56. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

57. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of earnings and/or other employment benefits and job opportunities. Plaintiff is thereby entitled to economic damages in amounts to be proven at trial.

58. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant Woods described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant Woods in a sum according to proof at trial.

59. As a further and proximate result of Defendants' intentional discrimination

10

COMPLAINT FOR DAMAGES

013

1   against her, Plaintiff has been compelled to retain the services of an attorney. Plaintiff has in fact

2   retained an attorney for the prosecution of this action.   As a result, Plaintiff is entitled to her

3   reasonable attorneys' fees and costs herein incurred.

4   <u>**THIRD CAUSE OF ACTION**</u>

5   **Employment Discrimination because of Race in violation of California Gov't Code §12940**
    **et seq. Against Defendant County of Los Angeles and Does 1-50;**
6

7   60.   Plaintiff repeats and realleges by reference each and every allegation contained

8   and incorporates the same herein.

9   61.   Defendants subjected Plaintiff to race discrimination as set forth herein.

10   62.   California Government Code §12940 et seq. prohibits discrimination in

11   employment based on race.

12   63.   Plaintiff is informed and believes and based thereon alleges that in addition to the

13   practices enumerated above, Defendants may have engaged in other discriminatory practices

14   against her which are not yet fully known. At such time as such discriminatory practices become

15   known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

16   64.   As a direct and proximate result of Defendants' willful, knowing and intentional

17   discrimination against her, Plaintiff has suffered and will continue to suffer pain and emotional

18   distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be

19   proven at trial.

20   65.   As a direct and proximate result of Defendants' willful, knowing and intentional

21   discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of

22   earnings and/or other employment benefits and job opportunities. Plaintiff is thereby entitled to

23   economic damages in amounts to be proven at trial.

24   66.   Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

25   action for which they are specifically provided by statute. Government Code §12965(b) provides

26   that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within

27   the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action.

28   As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

11

COMPLAINT FOR DAMAGES

014

**FOURTH CAUSE OF ACTION**

**Employment Discrimination because of Gender in violation of California Gov't Code §12940 et seq. Against Defendant County of Los Angeles and Does 1-50;**

67.    Plaintiff repeats and realleges by reference each and every allegation contained and incorporates the same herein.

68.    As set forth above, Defendants subjected Plaintiff to gender discrimination.

69.    California Government Code §12940 et seq. prohibits discrimination based on sex.

70.    Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against her which are not yet fully known.   At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

71.    As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and emotional distress.   Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

72.    As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of earnings and/or other employment benefits and job opportunities.   Plaintiff is thereby entitled to economic damages in amounts to be proven at trial.

73.    Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute.   Government Code §12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court.   Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

///

///

///

## FIFTH CAUSE OF ACTION

**Employment Discrimination because of Age in violation of California Gov't Code §12940 et seq. Against Defendant County of Los Angeles and Does 1-50;**

74.     Plaintiff repeats and realleges by reference each and every allegation contained and incorporates the same herein.

75.     As set forth above, Defendants subjected Plaintiff to age discrimination.

76.     California Government Code §12940 et seq. prohibits discrimination based on age over 40 years old.

77.     Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against her which are not yet fully known.  At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

78.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and emotional distress.   Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

79.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of earnings and/or other employment benefits and job opportunities.  Plaintiff is thereby entitled to economic damages in amounts to be proven at trial.

80.     Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute.  Government Code §12965(b) provides that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within the discretion of the Court.  Plaintiff has retained an attorney for the prosecution of this action. As a result, Plaintiff  is entitled to her reasonable attorneys' fees and costs herein incurred.

///

///

///

016

**SIXTH CAUSE OF ACTION**

**Failure to Take Reasonable Steps to Prevent Discrimination in violation of California Gov't Code §12940, et seq. Against Defendant County of Los Angeles and Does 1-50**

81.     Plaintiff repeats and realleges by reference each and every allegation and incorporates the same herein.

82.     Defendants subjected Plaintiff to discrimination as described in this complaint. Defendants failed and refused to take all reasonable steps necessary to prevent discrimination from occurring as stated herein and above, in violation of the FEHA, California Government Code §12940 et seq.

83.     Defendants failed or refused to take appropriate steps to abate or prevent discrimination in the workplace by failing to effectively train its employees, supervisors, managers and agents regarding discrimination; by failing to enforce its policy against unlawful discrimination; and by failing to take prompt and appropriate disciplinary action against perpetrators of discrimination.

84.     Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendants may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

85.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

86.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of earnings and/or other employment benefits and job opportunities. Plaintiff is thereby entitled to economic damages in amounts to be proven at trial.

87.     Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code §12965(b) provides

14

COMPLAINT FOR DAMAGES

1   that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within

2   the discretion of the Court.  Plaintiff has retained an attorney for the prosecution of this action.

3   As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

## SEVENTH CAUSE OF ACTION

**Failure to Take Reasonable Steps to Prevent Retaliation in Violation of California Gov't Code §12940, et seq. Against Defendant County of Los Angeles and Does 1-50**

7   88.    Plaintiff repeats and realleges by reference each and every allegation and

8   incorporates the same herein.

9   89.    Defendants subjected Plaintiff to retaliation as described in this complaint,

10  Defendants failed and refused to take all reasonable steps necessary to prevent retaliation from

11  occurring as stated herein and above, in violation of  the FEHA, California Government Code

12  §12940 et seq.

13  90.    Defendants failed or refused to take appropriate steps to abate or prevent

14  retaliation in the workplace by failing to effectively train its employees, supervisors, managers

15  and agents regarding the FEHA's prohibition against retaliation of employees who oppose

16  unlawful and discriminatory practices; by failing to enforce its policy against unlawful

17  retaliation; and by failing to take prompt and appropriate disciplinary action against perpetrators

18  of retaliation.

19  91.    Plaintiff is informed and believes and based thereon alleges that in addition to the

20  practices enumerated above, Defendants may have engaged in other discriminatory practices

21  against her which are not yet fully known.  At such time as such discriminatory practices become

22  known to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

23  92.    As a direct and proximate result of Defendants' willful, knowing and intentional

24  discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering,

25  extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general

26  and compensatory damages in amounts to be proven at trial.

27  93.    As a direct and proximate result of Defendants' willful, knowing and intentional

28  discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of

15

COMPLAINT FOR DAMAGES

1   earnings and/or other employment benefits and job opportunities.  Plaintiff is thereby entitled to

2   economic damages in amounts to be proven at trial.

3       94.   Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

4   action for which they are specifically provided by statute.  Government Code §12965(b) provides

5   that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within

6   the discretion of the Court.  Plaintiff has retained an attorney for the prosecution of this action.

7   As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

8   ## EIGHT CAUSE OF ACTION

9

**Employment Retaliation in Violation of California Gov't Code §12940 et seq. Against**

10   **Defendant County of Los Angeles s and Does 1-50**

11       95.   Plaintiff repeats and realleges by reference each and every allegation and

12   incorporates the same herein.

13       96.   Defendants subjected Plaintiff to retaliation for complaining about sexual

14   harassment and because of her pregnancy as described herein and above, in violation of  the

15   California Fair Employment and Housing Act, California Government Code §12940 et seq.

16       97.   Plaintiff is informed and believes and based thereon alleges that in addition to the

17   practices enumerated above, Defendants may have engaged in other retaliatory practices against

18   her which are not yet fully known.  At such time as such discriminatory practices become known

19   to her, Plaintiff will seek leave of Court to amend this Complaint in that regard.

20       98.   As a direct and proximate result of Defendants' willful, knowing and intentional

21   discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering,

22   extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general

23   and compensatory damages in amounts to be proven at trial.

24       99.   As a direct and proximate result of Defendants' willful, knowing and intentional

25   discrimination against her, Plaintiff has further suffered and will continue to suffer a loss of

26   earnings and/or other employment benefits and job opportunities.  Plaintiff is thereby entitled to

27   economic damages in amounts to be proven at trial.

28       100.   Code of Civil Procedure §1021 provides that attorneys' fees are recoverable in an

16

1   action for which they are specifically provided by statute. Government Code §12965(b) provides

2   that reasonable attorneys' fees and costs are recoverable herein by the prevailing party, within

3   the discretion of the Court. Plaintiff has retained an attorney for the prosecution of this action.

4   As a result, Plaintiff is entitled to her reasonable attorneys' fees and costs herein incurred.

5                                    **NINTH CAUSE OF ACTION**

6          **Employment Retaliation in Violation of California Labor Code §1102.5**
           **Against Defendant County of Los Angeles and Does 1-50**
7

8          101.   Plaintiff hereby incorporates by reference the preceding paragraphs as though

9   fully set forth herein.

10         102.   Under California Labor Code section 1102.5(b), no employer shall retaliate

11  against an employee for disclosing information to a government or law enforcement agency,

12  where the employee has reasonable cause to believe that the information discloses a violation of

13  state or federal statute, or violation or noncompliance with a state or federal regulation.

14  Plaintiff's complaint of discrimination was motivated by her reasonable belief that the

15  information disclosed was a violation of state and federal statutes prohibiting discrimination in

16  employment.

17         103.   Plaintiff had a reasonable belief that Defendants were violating a state statute, or

18  were violating or noncompliant with a state rule or regulation when he complained about the

19  unlawful conduct and practices alleged in this Complaint.

20         104.   Defendants knew or had reasonable cause to believe that conduct Plaintiff

21  opposed or refused to participate in amounted to violations of a state statute, or violation or

22  noncompliance with a local or state rule or regulations. Defendants had authority over Plaintiff,

23  or authority to investigate, discover and correct the unlawful or noncompliant conduct that

24  Plaintiff opposed or complained about.

25         105.   Plaintiff's disclosure of information concerning Defendants' violations of a state

26  statutes, or violations or noncompliance with a local or state rule or regulation and/or refusal to

27  engage in said unlawful conduct and/or practices were a contributing factor in Defendants'

28  decision to, engage in unlawful employment practices against her.

106.    Plaintiff is informed and believes and based thereon alleges that in addition to the conduct and practices enumerated above, Defendants may have engaged in other unlawful acts which are not yet fully known. When these unlawful acts become known to her, Plaintiff will seek leave of Court to amend his Complaint in that regard.

107.    As a direct and proximate result of Defendants' willful, knowing and intentional unlawful conduct against her, Plaintiff has suffered and will continue to suffer physical and non-physical injuries, pain and suffering, severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in a sum according to proof at trial.

108.    As a direct and proximate result of Defendants' willful, knowing and intentional unlawful conduct against her, Plaintiff has also suffered and will continue to suffer a loss of earnings, employment benefits, and job opportunities. Plaintiff is thereby entitled to economic damages in a sum according to proof at trial.

109.    As a further, direct and proximate result of Defendants' unlawful conduct, Plaintiff has been compelled to retain the services of counsel to enforce his rights and the terms and conditions of his employment relationship with Defendants. Plaintiff requests an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment in his favor and against Defendants as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1.    That Plaintiff be awarded general, compensatory and special damages, including prejudgment interest, in an amount according to proof at trial;

2.    That Plaintiff be awarded punitive damages against Defendant Adam Woods;

3.    That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

4.    That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE SECOND CAUSE OF ACTION:**

1.    That Plaintiff be awarded general, compensatory and special damages, including prejudgment interest, in an amount according to proof at trial;

1      2.     That Plaintiff be awarded punitive damages against Defendant Adam Woods;

2      3.     That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

3      4.     That this Court award such other and further relief as the Court deems just and

4  proper.

5  **AS TO THE THIRD CAUSE OF ACTION:**

6      1.     That Plaintiff be awarded general, compensatory and special damages, including

7  prejudgment interest, in an amount according to proof at trial;

8      2.     That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

9      3.     That this Court award such other and further relief as the Court deems just and

10  proper.

11  **AS TO THE FOURTH CAUSE OF ACTION:**

12      1.     That Plaintiff be awarded general, compensatory and special damages, including

13  prejudgment interest, in an amount according to proof at trial;

14      2.     That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

15      3.     That this Court award such other and further relief as the Court deems just and

16  proper.

17  **AS TO THE FIFTH CAUSE OF ACTION:**

18      1.     That Plaintiff be awarded general, compensatory and special damages, including

19  prejudgment interest, in an amount according to proof at trial;

20      2.     That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

21      3.     That this Court award such other and further relief as the Court deems just and

22  proper.

23  **AS TO THE SIXTH CAUSE OF ACTION:**

24      1.     That Plaintiff be awarded general, compensatory and special damages, including

25  prejudgment interest, in an amount according to proof at trial;

26      2.     That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

27      3.     That this Court award such other and further relief as the Court deems just and

28  proper.

**AS TO THE SEVENTH CAUSE OF ACTION:**

1.    That Plaintiff be awarded general, compensatory and special damages, including prejudgment interest, in an amount according to proof at trial;

2.    That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

3.    That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE EIGHT CAUSE OF ACTION:**

1.    That Plaintiff be awarded general, compensatory and special damages, including prejudgment interest, in an amount according to proof at trial;

2.    That Plaintiff be awarded reasonable costs of suit; and

3.    That this Court award such other and further relief as the Court deems just and proper.

**AS TO THE NINTH CAUSE OF ACTION:**

1.    That Plaintiff be awarded general, compensatory and special damages, including prejudgment interest, in an amount according to proof at trial;

2.    That Plaintiff be awarded reasonable attorneys' fees and costs of suit; and

3.    That this Court award such other and further relief as the Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a jury trial.

DATED: February 22, 2019                    ALLRED, MAROKO & GOLDBERG

By: _____
MARIA G. DÍAZ
Attorneys for Plaintiff,
KEELA CASTLE

20
COMPLAINT FOR DAMAGES

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 02/22/2019 01:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
19STCV06099

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES, A Public
**(AVISO AL DEMANDADO):** Entity; ADAM WOODS, an Individual; and
DOES 1 through 50, inclusive.

2019 FEB 26 PM 4: 26

FILED

**YOU ARE BEING SUED BY PLAINTIFF:** KEELA CASTLE, an Individual
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** ,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
(Número del Caso):

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Maria G. Diaz
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
ALLRED MAROKO & GOLDBERG PC
6300 Wilshire Boulevard, Suite 1500, LOS ANGELES, CA 90048      323-653-6530

Sherri R. Carter Executive Officer / Clerk of Court

DATE:         02/22/2019                    Clerk, by          Ricardo Perez          , Deputy
(Fecha)                                     (Secretario)                                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify):   COUNTY OF LOS ANGELES, A Public Entity

under: [  ] CCP 416.10 (corporation)              [  ] CCP 416.60 (minor)
       [  ] CCP 416.20 (defunct corporation)      [  ] CCP 416.70 (conservatee)
       [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
       [X] other (specify):   416.50 Public Entity
4. [X] by personal delivery on (date): 02.26.2019

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

025